HARRY LIVINGSTON, INC., APPELLEE, *v.* STERN, APPELLANT.

(No. 1954—Decided February 6, 1941.)

*Mr. James M. Aungst,* for appellee.
*Mr. Harry Nusbaum,* for appellant.

SHERICK, P. J.   Plaintiff sought and obtained injunctive relief in the trial court against the defendant, its former employee.   From that decree an appeal is prosecuted to this court on questions of law and fact. Three questions are made, all of which spring from two contracts of employment between plaintiff and defendant, the first of which made defendant the general manager of plaintiff's Canton store.   This was in August of 1937.   By their second agreement, under date of January 1940, defendant became general manager of plaintiff's St. Louis store at an increased salary.   Except in the amount of defendant's compensation, both of these agreements are identical in form and substance, and in the fact that each contained a covenant that if defendant should leave plaintiff's employ for any reason, then defendant agreed to refrain from entering a like business for a period of two years, within a radius of twenty-five miles from the respective cities.

In October 1940 defendant left plaintiff's employ and in December returned to Canton and became general manager of a competing enterprise located in close proximity to plaintiff's place of business.

This suit is to restrain defendant from any such employment in and about Canton for the two-year period commencing in October of 1940.

Defendant first contends that the second contract abrogates or rescinds the Canton contract.   He says his Canton employment had ceased by plaintiff's act in transferring him to St. Louis, and that he thereafter

labored at a different place and for a different compensation. It is argued that he could not labor in both places, that his Canton contract had ceased to exist and that he is no longer bound by its terms. We are unable to comprehend the soundness of the position taken by defendant.

He voluntarily accepted successive employment which was advantageous to him. He knew and agreed to the restraint upon his future employment if his employment with plaintiff ceased. He knew that plaintiff intended to protect itself against a competing business, should defendant leave its business and so devote his energies, knowledge, and experience gained in part by defendant while in its employ. He has accepted and received the benefits of these contracts, but refuses to be bound by the covenant not now to his liking.

The consideration expressed in these agreements is indivisible. It supports two promises, one of which covers present employment; the other a subsequent situation which might arise after employment ceases. One was executed, week after week; the other was executory. One was to do certain things; the other to refrain from doing something. Both were proper subjects of contract. The completion of the first promise does not make it necessarily follow that the second promise is no longer binding. For the consideration specified, defendant agreed to do two things, to labor, and at the end thereof not to use, for a given time in the locality in a competing business, his knowledge, experience and acquaintanceship gained at plaintiff's expense.

Looking to the St. Louis contract, it is observed that nothing appears therein which discloses an intention of the parties to abrogate the second promise of their first agreement. In this respect the St. Louis contract

is not inconsistent with the prior agreement. Any inconsistency appearing goes to the first promise only. The defendant for a consideration agreed to perform two things. The fact that he has performed the one can not effect a release of the other, unless a subsequent agreement clearly indicates that performance of the second promise is forgiven.

Defendant's second claim is that the elements of time and space are unreasonable, and hence equity should not lend its aid towards their enforcement. We believe the rules in such cases to be well settled, and further comment thereon would be of little value. In view of the evidence as to the extent of plaintiff's Canton business, it is observed that the radius agreed upon covers its business activity. This covenant was therefore proper. The time element is fair and reasonable and complaint thereof is rather far fetched.

Plaintiff states that it has no objection to excluding the city of Akron from the territory sought to be covered by the injunction prayed for. Its concession may be of advantage to defendant. It may be withheld from the operative effect of a decree in plaintiff's favor, in accordance with the prayer of the petition, which is hereby entered. Decree accordingly.

*Decree accordingly.*

LEMERT and MONTGOMERY, JJ., concur.